## JANUARY TERM, 1856.

### HENRY MACFARLANE *vs.* WILLIAM SUMNER.

The court explained what constitutes a sufficient *account stated* to sustain an action for the balance admitted to be due.

Forbearance to sue the debtor, either generally or for a reasonable time, is a good consideration for the promise of a third party to answer for the debt.

This was an action of assumpsit brought by plaintiff to recover from defendant the sum of $954, upon the promise of the defendant to answer for the debt of Henry Sea. It appeared in evidence that in the spring of the year 1854, a settlement of accounts took place between the plaintiff and Henry Sea, when it appeared that the latter was indebted to the former upwards of $1500. The account was admitted to be correct by Sea, and the balance to be justly due to the plaintiff. Shortly after this, plaintiff having threatened to commence proceedings at law against Sea, for the recovery of the above amount, the defendant, who is the brother-in-law of Sea, called upon the plaintiff and offered to give him $1000 by way of compromise for his claims against Sea. This proposal was declined by plaintiff, who said he meant to commence an action against Sea for the recovery of the whole amount. According to the testimony of the plaintiff's witnesses, defendant then agreed to pay the whole debt if plaintiff would forbear from suing Sea and give the defendant a reasonable time. Plaintiff's witnesses also testified that, in pursuance of this agreement, defendant had made two several payments of $400 and $200, on account of the amount due from Sea to the plaintiff. One witness said the defendant promised to pay by installments, every week or every fortnight.

Several interesting points were presented by the case and argued by the counsel in the course of the trial. The counsel for the defendant contended among other points, that it was incumbent on the plaintiff to show that there had been an account stated in writing between him and Sea, to which the latter had explicitly agreed; that the knowledge of this settlement and the amount acknowledged by Sea to be due, must be brought home to the defendant, and that the latter must have agreed to pay a specific sum for a valuable consideration, at a specified time.

The court charged the jury, in substance, that they must be satisfied from the evidence, that there had been an account stated between

the plaintiff and Sea; that it was not necessary that the account should have been drawn up in writing and signed by the parties, but if it was proved that there had been a reckoning and a settlement between them, upon which a specific balance had been ascertained and acknowledged by Sea to be due from him to the plaintiff, that was sufficient. That it was necessary for the plaintiff to bring home the knowledge of this settlement and of the amount due, to the defendant, and that the latter should appear to have promised to pay a specific amount. That if it was proven that the defendant had undertaken to pay the debt of Sea upon the plaintiff's promise to forbear from suing him, either generally or for a reasonable time, the consideration was a good one in law, and sufficient to support the defendant's contract.

The jury returned a verdict in favor of the plaintiff for $1080, including interest.

Mr. Montgomery for the plaintiff.

Mr. Bates for the defendant.